UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THYSSENKRUPP MATERIALS NA, INC.,

                              Plaintiff,

              – against –

M/V KACEY, her engines, boilers, tackle, etc.,
SPV 1 LLC, TECHNOMAR SHIPPING CO. INC.,

                              Defendants.

**OPINION AND ORDER**

15 Civ. 3800 (ER)

Ramos, D.J.:

      Thyssenkrupp Materials NA, Inc. ("Plaintiff") brings this admiralty action against M/V Kacey, SPV 1 LLC ("SPV 1") and Technomar Shipping Co. Inc. ("Technomar" and together, the "Defendants") for loss and damage to its cargo. Before this Court is the Defendants' motion to dismiss for *forum non conveniens* pursuant to Fed. R. Civ. P. 12(c), on the basis of a forum selection clause in the bills of lading issued for the shipment of Plaintiff's cargo.

      For the reasons discussed below, the Defendants' motion is GRANTED.

## I.    Background

      Plaintiff is the owner or duly authorized representative of the owners of 447 pieces of steel pipe shipped on board the vessel M/V Kacey. Complaint at ¶ 2, Complaint Schedule A. The M/V Kacey is owned by SPV 1 and managed by Technomar. Notice of Motion at ¶ 3.

On November 14, 2014, two bills of lading[1] were issued for carrying the cargo on the M/V Kacey from Subric, Philippines to Houston, Texas.  Complaint Schedule A, Notice of Motion Exhibit C.  The bills of lading contained a forum selection clause which states that "[a]ny dispute arising under this Bill of Lading shall be decided in the country where the Carrier has his principal place of business, and the law of such country shall apply except as provided elsewhere herein."  Notice of Motion Exhibit C (Bills of Lading) at ¶ 32.  The bills of lading define "carrier," inter alia, as the owner of the vessel, in this case, SPV 1.  *Id.* at ¶ 1.

Plaintiff filed the instant case on May 15, 2015, bringing an *in rem* action against the M/V Kacey, and *in personam* actions against SPV 1 and Technomar for the loss and damage of the steel pipes.  The precise cause of the damage is not stated.  On August 13, 2015, Defendants filed an answer asserting twenty-one affirmative defenses.  On May 6, 2016, Defendants filed the instant motion to dismiss for *forum non conveniens* pursuant to Rule 12(c).

## II.    Legal Standard

### 1.    Rule 12(c) Motion to Dismiss

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law."  *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local 537*, 47 F.3d 14, 16 (2d Cir.1995) (per curiam).

---

[1] A bill of lading "records that a carrier has received goods from the party that wishes to ship them, states the terms of carriage, and serves as evidence of the contract for carriage." *Norfolk S. Ry. Co. v. Kirby,* 543 U.S. 14, 18–19 (2004).

In deciding a 12(c) motion, the Court may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz,* 582 F.3d 418, 419 (2d Cir. 2009)).  The Court may also consider documents incorporated into the complaint by reference or integral to the complaint, provided there is no dispute regarding their authenticity, accuracy, or relevance.  *Id.; see also Piazza v. Florida Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 677 (S.D.N.Y. 2011) (12(c) motion).

### 2.      *Forum Non-Conveniens*

The appropriate procedural mechanism for filing a motion to enforce a forum selection clause designating a foreign forum is a motion to dismiss for *forum non conveniens*.  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 580 (2013).  The doctrine of *forum non conveniens* allows a court to dismiss an action "even if the court is a permissible venue with proper jurisdiction over the claim."  *LaSala v. Bank of Cyprus Pub. Co. Ltd.*, 510 F. Supp. 2d 246, 254 (S.D.N.Y. 2007) (quoting *Carey v. Bayerische Hypo– und Vereinsbank AG*, 370 F.3d 234, 237 (2d Cir. 2004)).  "A decision to grant or deny a motion to dismiss a cause of action under the doctrine of *forum non conveniens* lies wholly within the broad discretion of the district court."  *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996).

Ordinarily, a three-step analysis guides the exercise of this discretion.[2]  If there is a forum selection clause at issue, however, the calculus is altered because a valid forum selection clause

---

[2] The Second Circuit has "outlined a three-step process to guide the exercise of that discretion."  *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73 (2d Cir. 2001) (en banc)).  First, "a court determines the degree of deference properly accorded the plaintiff's choice of forum."  *Id.*  Second, "it considers whether the alternative forum proposed by the defendants is adequate to

is given "controlling weight in all but the most exceptional cases." *Atlantic*, 134 S.Ct. at 581; [3]

*see also M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses

are "prima facie valid" and should be enforced unless demonstrated to be "unreasonable" under

the circumstances).  In such instances, the Court must determine:  (1) whether the forum

selection clause is valid, and (2) whether public interest factors nevertheless counsel against its

enforcement.  *Atlantic*, 134 S.Ct. at 581-82; *Midamines SPRL Ltd. v. KBC Bank NV*, No. 12 CIV.

8089 (RJS), 2014 WL 1116875 at *3 (S.D.N.Y. Mar. 18, 2014).

## III.    Discussion

### A.     *Forum Non Conveniens*

In the Second Circuit, a forum selection clause is presumptively valid if it was reasonably

communicated to the party resisting enforcement, is mandatory and not merely permissive, and

covers the claims and parties involved in the suit.  *Phillips v. Audio Active Ltd.,* 494 F.3d 378,

383 (2d Cir. 2007).  To overcome this presumption of enforceability, Plaintiff has the burden to

make "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that

the clause was invalid for such reasons as fraud or overreaching.'"  *Id.* at 383–84 (citing *Bremen,*

407 U.S. at 15).  Additionally, when the Carriage of Goods by Sea Act ("COGSA") applies to

the bill of lading at issue, a forum selection clause is unenforceable if "the substantive law to be

applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees."

*Vimar Seguros v. Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 539 (1995).  The parties

---

adjudicate the parties' dispute."  *Id*.  And third, "a court balances the private and public interests implicated in the choice of forum."  *Id*.

[3] Although *Atlantic* primarily addresses a motion to transfer under 28 U.S.C. § 1404(a), its analysis is equally applicable to motions to dismiss under *forum non conveniens*.  *See* 134 S.Ct. at 583 n. 8 ("For the reasons detailed above . . . the same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum selection clauses pointing to state or foreign forums.").

agree that COGSA applies to this case.  Defendants' Motion to Dismiss at 12, Plaintiff's Opposition at 4.

The two bills of lading issued for Plaintiff's cargo, which are incorporated by reference in the Complaint and appended to the Defendants' Notice of Motion, states that "[a]ny dispute arising under this Bill of Lading shall be decided in the country where [SPV 1] has his principal place of business."   Notice of Motion Exhibit C (Bills of Lading) at ¶ 32.  The parties disagree on whether SPV 1's principal place of business is the Marshall Islands or Greece.  Since Defendants assert that this disagreement is irrelevant for purposes of their motion, this Court will presume that SPV 1's principal place of business is Greece as Plaintiff contends.  Defendants' Motion to Dismiss at 10.

Plaintiff does not dispute that the forum selection clause was reasonably communicated, is mandatory, and that the claims and parties involved in the instant action are subject to the clause.  It argues that the Court should nevertheless deny the motion because Greek law does not recognize the *in rem* action against the M/V Kacey or the *in personam* action against Technomar. Plaintiff's Opposition at 5.  Plaintiff also "does not oppose the proposed litigation in Greece," but requests this Court to stay the instant action and retain jurisdiction to ensure that the Greek litigation complies with applicable U.S. law.  *Id.* at 2.[4]

### 1.    Plaintiff fails to show that it will lose its *in rem* action to the detriment of its substantive rights

Plaintiff asserts that its substantive rights under COGSA will be reduced because Greek law does not recognize *in rem* actions.  This argument fails for two reasons.  First, the weight of authority in this district holds that the inability to proceed *in rem* in the chosen forum is not

---

[4] Alternatively, Plaintiff requests this Court to allow the *in rem* action against the M/V Kacey and the *in personam* action against Technomar in this Court, and stay the *in personam* action against SPV 1 while it is litigated in Greece. Plaintiff's Opposition at 2.

sufficient by itself to defeat the presumed enforceability of the forum selection clause. *Uniwire Trading LLC v. M/V Wladyslaw Orkan*, 622 F. Supp. 2d 15, 22 (S.D.N.Y. 2008) (collecting cases); *Salim Oleochemicals, Inc. v. M/V SHROPSHIRE*, 177 F. Supp. 2d 159, 161 (S.D.N.Y. 2001) (same).  The majority view is that *in rem* actions are generally "duplicative of the *in personam* claims against the carrier(s)," and do not confer any further benefit other than providing an additional mechanism for enforcement.  *Uniwire Trading LLC*, 622 F. Sup. 2d at 22-23.  This Court agrees.  Plaintiff has not demonstrated that the *in rem* action against the M/V Kacey will confer to Plaintiff any substantive benefits in addition to those in its *in personam* action against SPV 1.

Second, while Plaintiff explains that Greek domestic law does not recognize *in rem* actions, it fails to account for the application of the Hague-Visby Rules.  The Hague-Visby Rules, which is an amended version of the original Hague Rules, is a set of international rules governing bills of lading.  *Kreta Shipping, S.A. v. Preussag Int'l Steel Corp.*, 192 F.3d 41, 46 n.5 (2d Cir. 1999).  Notably, the Hague-Visby Rules contain a provision similar to Section 3(8) of COGSA, which appears to keep *in rem* actions intact by stating, "[a]ny clause . . . in a contract of carriage relieving the carrier *or the ship* from liability . . . or lessening such liability . . . shall be null and void."  *See* Hague–Visby Rules, Art. III, § (8) (emphasis added); *see also Man Ferrostaal, Inc. v. M/V Akili*, 704 F.3d 77, 85 (2d Cir. 2012) (noting that the Hague-Visby Rules prohibit waiver of *in rem* liability).  In other words, in the context of this case, the rule would serve to insure that Plaintiff is not deprived of its *in rem* cause of action because it is being made to litigate in a foreign forum.  The bills of lading at issue require application of the Hague-Visby Rules.  *See* Notice of Motion Exhibit C (Bills of Lading) at ¶ 2 (the second clause of the bills of lading provide that they "shall have effect subject to any national law making . . . the Hague

Rules as amended by the Protocol signed at Brussels on 23rd February 1968 (the Hague/Visby Rules) compulsorily applicable to this Bill of Lading."). Moreover, while not explicitly discussing the Hague-Visby Rules, Plaintiff's own Greek law expert concedes that International Conventions are "rules of superior legal power" that will prevail over domestic Greek legislation. Declaration of Dimitrios J. Dimitriou at 2. In any event, Greece has also ratified the Hague-Visby Rules. Spyridon Vrellis, *Private International Law in Greece*, 96 (2011); Greek Law No. 2107/1992.

This Court accordingly finds that Hague-Visby Rules will not prevent Plaintiff from bringing *in rem* claims to the detriment of its statutory rights under COGSA. Other courts in this district have agreed with the result reached here. For example, in *Reed & Barton Corp. v. M.V. Tokio Exp.*, No. 98 CIV. 1079 (LAP), plaintiff also argued that the forum selection clause should not be enforced because German law does not recognize *in rem* actions. 1999 WL 92608, at *3 (S.D.N.Y. Feb. 22, 1999). Judge Preska found that because German law applies the Hague-Visby Rules, the "fraternal equivalent" of COGSA, the carrier's obligations would not be reduced below that which COGSA guarantees. *Id.* In light of the foregoing, Plaintiff has failed to meet its burden to show that its substantive rights will be reduced if the matter is litigated in Greece.

## 2.    Plaintiff would also be prohibited from bringing litigation against Technomar in this Court

Plaintiff further alleges that it will lose its *in personam* action against Technomar if the action is litigated Greece. However, the applicable bills of lading already prevent Plaintiff from bringing an action against Technomar. Specifically, the bills of lading at issue here contain a clause that channels all liability to the owner of the M/V Kacey, SPV 1. The clause, labeled "Identity of Carrier," states that "the contract . . . is between the Merchant and the carrier of the

7

vessel . . . and it is therefore agreed that *said shipowner only shall be liable* for any damage or loss due to any breach or nonperformance of any obligation arising out of the contract of carriage whether or not relating to the vessel's seaworthiness."  Notice of Motion Exhibit C (Bills of Lading) at ¶ 30 (emphasis added).  This clause plainly prevents the instant action from being brought against anyone except for the shipowner.  As the manager of the M/V Kacey, Technomar is not a shipowner or a carrier under the bills of lading.

The Second Circuit has held that these so-called exoneration clauses in bills of lading that channel the claims to one entity and prevents other parties from liability are enforceable.  *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 181-82 (2d Cir. 2014) (citing *Fed. Ins. Co. v. Union Pac. R.R. Co.,* 651 F.3d 1175, 1180 (9th Cir.2011) ("The requirement that all suits be brought against [the ocean carrier] is an enforcement mechanism rather than a reduction of the carrier's obligations to the cargo owner below what COGSA guarantees.") (internal quotation marks omitted)); *see also St. Paul Travelers Ins. Co. v. M/V MADAME BUTTERFLY*, 700 F. Supp. 2d 496, 505 (S.D.N.Y. 2010), *aff'd sub nom. St. Paul Travelers Ins. Co. v. Wallenius Wilhelmsen Logistics A/S*, 433 F. App'x 19 (2d Cir. 2011) (enforcing the forum selection clause even though plaintiff would not be able to sue all of the defendants in the preselected forum because the bill of lading prohibited suits against persons other than the carrier).  The Second Circuit noted that the exoneration clause was simply an ordering mechanism that regulates who will be responsible to whom rather than lessening any substantive rights.  The plaintiff may bring an action against the common carrier for damage to the cargo, and the common carrier may then sue the underlying carriers.  *Sompo Japan*, 762 F.3d at 182-83.

Plaintiff further suggests that such limitation of liability would run afoul of the Harter Act which prohibits a carrier from "avoiding its liability for loss or damage arising from [its]

negligence or fault."  46 U.S.C. § 30704.  The Harter Act actually defines "carrier" more expansively than the bills of lading to include the manager of a vessel, which in this case would include Technomar.  46 U.S.C. § 30701.  However, though the Harter Act voids provisions *absolving* liability, it does not void provisions *limiting* a carrier's liability.  *Fed. Ins. Co. v. Great White Fleet (US) Ltd.*, No. 07 CIV. 2415 (GEL), 2008 WL 2980029, at *11 (S.D.N.Y. Aug. 1, 2008) (citing *The Ansaldo San Giorgio I v. Rheinstrom Bros. Co.*, 294 U.S. 494, 496-97 (1935)). The bills of lading do not *absolve* the shipowner's agents, such as Technomar, of liability since the shipowners can bring a subsequent litigation against their agents as the Second Circuit noted in *Sompo Japan*.  Thus, the Identity of Carrier clauses in the instant bills of lading are enforceable and prevent Plaintiff from bringing an *in personam* claim against Technomar, even in this Court.

\* \* \*

In sum, Plaintiff has not met its burden of establishing that enforcement of the forum selection clause would be unreasonable or unjust.  Nor does Plaintiff point to any public interest factors that would counsel against enforcing the clause in this case.  Plaintiff may assert its *in rem* action in Greece, and while it may not assert its *in personam* action against Technomar there, neither could it do so in this Court.  Accordingly, this Court finds that the forum selection clause is valid and enforceable.

## IV. Retaining Jurisdiction

Plaintiff cites to *Vimar Seguros v. Reaseguros, S.A. v. M/V Sky Reefer* 515 U.S. 528 (1995) in requesting this Court to retain jurisdiction for subsequent review in the event it directs that the action be litigated in Greece.  The Court rejects this request because the facts that existed in *Sky Reefer* do not exist here.  In *Sky Reefer*, the Supreme Court acknowledged that if the

9

arbitrators decided to apply the Japanese version of the Hague Rules, the carrier's obligations to the cargo owner would be reduced below what COGSA guarantees. *Id.* at 539-40. Nonetheless, the Supreme Court enforced the choice of forum and choice of law clauses because it was too early to know which set of laws the arbitrators would apply, and because the district court had retained jurisdiction to review at the award enforcement stage. *Id.* at 540-41. The Supreme Court noted that they would not have enforced the clause if there was no subsequent opportunity for review by the district court. *Id.* This decision was driven largely by uncertainty regarding which law the arbitrators would apply. There is no such uncertainty here as the Court is persuaded that the Hague-Visby Rules will be required to apply. Thus, Plaintiff's substantive rights will not be impaired or diminished. Accordingly, this Court will not retain jurisdiction.

## V.      CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED and Plaintiff's Complaint is dismissed.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 22, and close the case.

It is SO ORDERED.

Dated:      February 16, 2017
            New York, New York

Edgardo Ramos, U.S.D.J.